CSD 1001C [08/21/00]
Name, Address, Telephone No. & I.D. No.

DAVID A. ORTIZ, ATTORNEY # 167587
OFFICE OF THE UNITED STATES TRUSTEE
402 WEST BROADWAY, SUITE 600
SAN DIEGO, CA 92101-8511
(619) 557-5013

**UNITED STATES BANKRUPTCY COURT**

SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

Order Entered on April 26, 2004 by Clerk U.S. Bankruptcy Court Southern District of California

In Re
RAFAEL AND ANNA CARRILLO,
                                               Debtor.

BANKRUPTCY NO. 02-09852-H7

Date of Hearing: MARCH 24, 2004
Time of Hearing: 10:00 a.m.
Name of Judge:   JOHN J. HARGROVE

## ORDER ON UNITED STATES TRUSTEE'S MOTION TO EXAMINE FEES

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through  5  with exhibits, if any, for a total of  5  pages, is granted. U.S. Trustee's Motion Docket Entry No.  23 

//
//
//
//
//
//

DATED: **April 26, 2004**

Signature by the attorney constitutes a certification under Fe
relief granted by the court.

_____
Judge, United States Bankruptcy Court

Submitted by:
STEVEN JAY KATZMAN
UNITED STATES TRUSTEE
(Firm name)

By: /s/ David A. Ortiz
    Attorney for Movant - DAVID A. ORTIZ

CSD 1001C

Case 02-09852-JH7　　Filed 04/26/04　　Doc 52　　Pg. 2 of 5

CSD 1001C [08/21/00] **(Page 2)**
DEBTOR: RAFAEL AND ANNA CARRILLO,
CASE NO: 02-09852-H7
ORDER ON UNITED STATES TRUSTEE'S MOTION TO DISGORGE FEES

This matter came before the Court on the United States Trustee's Motion to Examine Fees Pursuant to 11 U.S.C. § 329 and Request for Disgorgement ("Motion") on March 24, 2004, at 10:00 a.m. in Department Three of the United States Bankruptcy Court for the Southern District of California, The Honorable John J. Hargrove, Chief Bankruptcy Judge, presiding. United States Trustee, Steven Jay Katzman appeared. David A. Ortiz, Esq., appeared on behalf of the United States Trustee. James Kent, Esq., appeared on behalf of Luis M. Planas.

### FINDINGS OF FACT

1. Debtors Rafael and Ana Carrillo ("Debtors") entered into a professional service agreement with Luis M. Planas, Esq. ("Counsel"), dated September 16, 2002, for the preparation Debtors' bankruptcy petition for relief, schedules and statement of financial affairs, without attorney representation. The fee for said services was five hundred dollars ($500), which Debtors paid.

2. The professional service agreement specifically excluded attorney representation of Debtors at the 11 U.S.C. § 341(a) meeting.

3. Debtors' petition, schedules and statement of financial affairs were prepared under the supervision of Counsel, and filed in their case. However, Counsel failed to: 1) include relevant and specific information concerning Debtors' business in response to questions in the statement of financial affairs, 2) include information concerning Debtors' business inventory and equipment, and 3) include a business profit and loss statement (collectively the "Petition Deficiencies"). In addition, Counsel failed to adequately supervise the paralegal that drafted the petition, schedules and

**CSD 1001C**

*Signed by Judge John J. Hargrove April 26,2004*

statement of financial affairs by failing to ensure that information relating to the Petition Deficiencies was contained in the documents filed in the case.

4. While Debtors' Statement of Financial Affairs contained disclosure of Counsel's five hundred dollar fee, Counsel failed to disclose his role as the attorney who prepared the petition for relief, schedules and statement of financial affairs, by failing to file a disclosure of compensation as required by Fed. R. of Bankr. P. 2016(b) and 11 U.S.C. § 329(a)

5. Debtors' attended their first 11 U.S.C. § 341(a) meeting of creditors on November 6, 2002, continued thereafter to November 26, 2002, where the chapter 7 trustee expressed concerns about the Petition Deficiencies and requested Debtors amend their schedules and statement of financial affairs accordingly. Counsel did not appear at the initial or continued meeting of creditors to assist Debtors in connection with the chapter 7 trustee's questions concerning the Petition Deficiencies.

6. Counsel requested, and Debtors paid, an additional fee of five hundred dollars ($500) for Counsel's attendance at the third continued §341(a) meeting held December 16, 2002. The chapter 7 trustee held and continued the December 16, 2002 § 341(a) meeting, noting that the Petition Deficiencies were not addressed nor were requested amendments filed.

## CONCLUSIONS OF LAW

WHEREFORE, this Court concludes as follows:

1. Counsel failed to comply with the provisions of 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b) by failing to file the requisite disclosure of compensation in this case.

**CSD 1001C**

*Signed by Judge John J. Hargrove April 26,2004*

Case 02-09852-JH7    Filed 04/26/04    Doc 52    Pg. 4 of 5

CSD 1001C [08/21/00] **(Page 4)**
DEBTOR: RAFAEL AND ANNA CARRILLO,
CASE NO: 02-09852-H7
ORDER ON UNITED STATES TRUSTEE'S MOTION TO DISGORGE FEES

---

2.  Counsel failed to competently represent Debtors in violation of California Rule of Professional Conduct 3-110, which is incorporated by Local Bankruptcy Rule 1001-3, which incorporates Local District Court Rule 83.4(b) of the United States District Court for the Southern District of California, by his failure to attend the initial 11 U.S.C. § 341(a) meeting of creditors and excluding said attendance in his professional service agreement. Appearance at the §341(a) meeting of creditors by an attorney who prepares, or causes the preparation of, the petition for relief, schedules, and statement of financial affairs is a matter of such critical importance that it cannot be contracted away.  Such attorney must ensure that debtors are represented by counsel at the 11 U.S.C. § 341(a) meeting.  Bankruptcy is far too complex wherefor counsel cannot procure informed consent to permit limiting the scope of representation to exclude attorney attendance at the §341(a) meeting, where said attorney has prepared the petition, schedules and statements for filing in the case.

3.  This Court further concludes that based upon the foregoing, the reasonable value of services rendered by Counsel in this case is zero dollars.

WHEREFORE, based upon the United States Trustee's Motion, all pleadings and documents filed in the case and filed in connection with and response to the United States Trustee's Motion, argument of counsel, and for good cause,

IT IS HEREBY ORDERED, that the United States Trustee's Motion is granted;

IT IS FURTHER ORDERED, that Luis M. Planas, Esq., shall disgorge one thousand dollars ($1,000) representing all fees received in this case;

**CSD 1001C**

*Signed by Judge John J. Hargrove April 26,2004*

Case 02-09852-JH7    Filed 04/26/04    Doc 52    Pg. 5 of 5

**CSD 1001C** [08/21/00] **(Page 5)**
DEBTOR: RAFAEL AND ANNA CARRILLO,
CASE NO: 02-09852-H7
ORDER ON UNITED STATES TRUSTEE'S MOTION TO DISGORGE FEES

IT IS FURTHER ORDERED, that any funds held by the chapter 7 trustee in this case in the form of disgorged fees shall forthwith be turned over to debtors Rafael and Ana Carrillo.

IT IS FURTHER ORDERED, that Luis M. Planas, Esq., must within one year of the date of this order, complete an approved continuing legal education course on bankruptcy and provide written documentation to the United States Trustee of completion of said bankruptcy course.

**CSD 1001C**

*Signed by Judge John J. Hargrove April 26,2004*